IN THE U.S. BANKRUPTCY COURT
DISTRICT OF KANSAS (KANSAS CITY)

| | |
|---|---|
| In re: Plate Restaurant, LLC, ) | |
| ) | |
| Debtor, ) | Case No. 25-20996-dls |
| ) | Jointly Administered |
| BBB63, LLC ) | Chapter 11 |
| ) | |
| Creditor, ) | |
| v. ) | |
| ) | |
| Plate Restaurant, LLC ) | |
| ) | |
| Debtor. ) | |

## MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND TO COMPEL ASSUMPTION OR REJECTION OF UNEXPIRED LEASE

Creditor BBB63, LLC ("Landlord"), through counsel, moves for an Order compelling Plate Restaurant, LLC ("Debtor") to pay its post-petition rent and obligations under the terms of the parties' unexpired lease of nonresidential real property and further compelling Debtor's assumption or rejection of such lease agreement. Alternatively, Landlord requests relief from the Automatic Stay or adequate protection. In support of its Motion, Landlord states the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is also a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and Landlord consents to the Court entering a final order or judgment on Landlord's Motion.

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

### PARTIES/BACKGROUND

3. Landlord and Debtor are parties to a written lease agreement (the Lease) dated September 8, 2018 (the "Lease"), and the First Amendment to said Lease dated May 16, 2024 (the "Lease Amendment"). Copies of the Lease and Lease Amendment are attached as Exhibits 1 and 2 and are incorporated by reference.

1

4. Pursuant to the terms of the Lease and Lease Amendment, the premises leased to Debtor comprise approximately 7970 square feet of restaurant space located at 701 E. 63rd St., Kansas City, MO 64110 (the "Premises"). Exhibits 1 – 2.

5. The Lease Term does not expire until April 30, 2029. Exhibit 2.

6. Under the terms of the Lease Amendment, Debtor is required to pay base rent in the amount of $11,290.83 on the first of each month, plus a late charge of 5% of the amount due if not paid within ten days after its due date. Exhibits 1 – 2.

7. Debtor is further required to pay a patio fee of 4% of gross receipts generated from the patio each month but has refused, and continues to refuse, to report its patio receipts on a monthly basis to Creditor as required under the terms of the Parties' lease agreement, therefore Creditor is unable to calculate additional post-petition payments owed by Debtor. Exhibits 1 - 2.

8. Debtor is also required to pay amortized past rent totaling $60,000.00 in the amount of $2,500.00 due monthly until paid in full plus an additional $1,747.15 monthly for amortized past due rent. Debtor can receive a credit of up to $30,000.00 against the $60,000.00 balance if it turns in receipts for work completed improving the premises since having the Lease renewed. Exhibits 1 - 2.

9. Debtor is further required to pay percentage rent in the amount of 7% of its gross monthly sales in excess of the "break point" of $1,935,428.50 in annual sales. Debtor has not reported its gross monthly sales from May 1, 2024 through September 1, 2025 which are due on the 10th of each month. Exhibits 1 - 2.

10. Debtor is also required to pay operating and maintenance costs as Additional Rent. Exhibits 1 – 2.

11. Debtor is also required to pay monthly water charges to Landlord. Exhibits 1 – 2.

12. Debtor is further required to pay Landlord's attorneys' fees and costs incurred in enforcing the terms of the Lease and Lease Amendment. Exhibits 1 – 2.

13. Debtor is further required to maintain the Premises in a clean, orderly, healthful condition and to not disturb the quiet enjoyment of other tenants located in the same building. Exhibits 1 – 2.

14. Under the terms of the Lease, as Amended, Debtor is required to deliver Point of Sale reports to Creditor by the 10th day of each month. Exhibit 2.

15. Debtor has failed to pay water utility charges when due.

16. Debtor has also failed to provide Point of Sale Reports to Creditor by the 10th date of each month as required under the terms of the Lease Agreement. As a direct and proximate result of Debtor's failure to report gross receipts, Creditor is unable to determine the exact amount of post-petition past due rent due and owing from Debtor.

17. Debtor has further breached the lease by failing to clean the grease trap at the Premises, which has caused flooding at the Premises thereby interfering the other tenants' quiet use and enjoyment of the building where the Premises is located. Creditor has also incurred charges and expenses due to Debtor's failure to clean the grease trap as it had to hire a plumber and pay to have the drainage lines attached to the grease trap jet-washed to remove any blockage of same.

18. Debtor has also breached the lease by failing to ensure the flooring at the Premises is properly sealed which has caused water to leak into the premises of another tenant thereby interfering with the other tenant's quiet use and enjoyment of its rental property and subjecting Landlord to additional fees and costs.

19. On July 18, 2025, Debtor filed its Bankruptcy Case by filing a voluntary Petition for relief under Chapter 11, Sub-Chapter V of the United States Bankruptcy Code under Case No. 25-20998 (Doc. 1).

20. On July 18, 2025, Debtor filed a Motion for Joint Administration in Case No. 25-20998 (Doc. 11), which the Court granted on August 11, 2025 thereby designating Administration to occur under Lead Case No. 25-20996 (Doc. 46).

21. Debtor remains in possession of the Premises despite its non-payment of rent and other amounts due.

22. Landlord requests payment of all post-petition amounts owing under the Lease and Lease Amendment as required by 11 U.S.C. § 365(d)(3) of the Bankruptcy Code.

23. Landlord calculates the post-petition amounts due and owing[1] under the Lease as of the date of this Motion as follows:

| | |
|---|---|
| Late Fees: | $674.94 |
| Rent: | $11,290.83 |
| Amortized Rent | $2,500.00 |
| Amortized Past Due Rent | $1,747.15 |
| Water Usage Fees | $812.00 |
| Maintenance Fees | $1,760.00 |
| Attorneys' Fees/Costs | $2,077.50 |
| Total: | $21,694.92 |

**RELIEF REQUESTED**

**A. Cause exists to compel payment of post-petition rent and related obligations.**

24. As demonstrated above, Debtor has failed and refused to pay water usage and maintenance fees when due and owing under the terms of the Parties' Lease Agreement and Amendment to same. Debtor has further failed to comply with its maintenance obligations and its obligation to report its gross revenues on a monthly basis. Pursuant to the Bankruptcy Code, Debtor, as a party in possession of Landlord's Premises, is required to "timely perform all of the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." 11 U.S.C. § 365(d)(3). The above language is intended to relieve landlords who are involuntary creditors during the post-petition period of "the uncertainty of collecting fixed rent in the lease 'in fully, promptly, and without legal expense.'" See e.g. *HA-LO Industries, Inc. v. CenterPoint Properties Trust,* 342 F.3d 794, 799 (7th Cir. 2003) (quoting *In re Handy Andy Home Improvement Centers, Inc.,* 144 F.3d 1125, 1128 (7th Cir. 1998)). Section 365(d)(3) further

---

[1] Creditor reserves the right to include, as post-petition rent, any amounts found due and owing from Debtor's gross receipts and its gross receipts from the use of the patio area of the Premises once Creditor is able to obtain monthly point of sale reports from Debtor.

requires payment of other amounts accruing under an unexpired lease prior to rejection, including post-petition late fees, interest, and legal fees. See e.g. *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994) (holding § 365(d)(3) requires payment of post-petition interest, late fees, and attorneys' fees as provided in the applicable lease).

25. Debtor is in default of its post-petition payment, maintenance, and reporting obligations and has not assumed or rejected the Lease. Section 365(d)(3) is designed to protect Landlord from becoming an involuntary post-petition creditor while waiting for Debtor to decide whether to accept or assume the Lease. See *HA-LO*, 342 F.3d at 799. Given the clear requirements of § 365(d)(3), Debtor should not be permitted to continue possessing and using the Premises when it is in material breach of its payment, maintenance, and reporting obligations during the course of this Bankruptcy case. Consequently, cause exists for the Court to order Debtor to make immediate payment of post-petition rent and other payments to Landlord, to provide all past-due point of sale and gross receipts reports, to comply with all maintenance obligations, including, but not limited to, properly cleaning out the grease trap at the Premises as needed and no less than once per month and further provide Landlord with proof of such cleaning by a Landlord approved, professional cleaner, to properly seal flooring at the Premises to prevent water leakage into other rental units, and to further order Debtor to make all post-petition payments on the first day of every month until the effective date of Debtor's rejection of the Lease. See e.g. *In re Telesphere Communications, Inc.,* 148 B.R. 525, 532 (Bankr. N.D. Ill. 1992) (ordering immediate payment of rent due despite debtor's claim of administrative insolvency); see also *In re C.Q., Inc.*, 343 B.R. 915, 918 (Bankr. W.D. Wis. 2005) (same).

**B. Cause exists to require Debtor to assume or reject the Lease.**

26. Section 365(d)(4) of the Bankruptcy Code requires Chapter 11 debtors to assume or reject an unexpired lease of nonresidential real property within 120 days of the commencement of debtor's case, or the lease is deemed rejected, absent an extension approved by the Court. Though the 120-day period has not expired, Debtor's failure to comply with the requirements of 11 U.S.C. § 365(d)(3) constitutes sufficient cause to require Debtor to immediately assume or reject Landlord's Lease.

27. Notwithstanding Debtor's default on its payment, maintenance, and reporting obligations to Landlord, Landlord has been prevented from exercising its rights under the Lease and applicable state law to terminate the Lease and regain possession of the Premises. Under the circumstances, absent Debtor filing an immediate motion to assume or reject Landlord's Lease, the Lease should be declared rejected due to Debtor's failure to comply with § 365(d)(3), and the Court should further order Debtor to vacate and surrender the Premises to Landlord.

**C. Alternatively, cause exists for the Court to grant relief from the Automatic Stay.**

28. Section 362 of the Bankruptcy Code permits the Court to grant relief from the Automatic Stay for cause, including lack of adequate protection of a party's interest in real property. 11 U.S.C. § 362(d). Cause to lift the Automatic Stay is made on a case-by-case basis. See e.g. *In re Busch*, 294 B.R. 137, 140 (BAP 10th Cir. 2003).

29. Landlord requests entry of an Order granting relief from the Automatic Stay in the event Debtor is not compelled to perform its post-petition obligations to Landlord or Debtor is not compelled to reject or assume the Lease.

30. Landlord further requests that any Order granting Stay Relief waive the 14-day extension of the Automatic Stay of Fed. R. Bankr. P. 4001(a)(3).

31. Landlord further requests that the Stay Relief order contain a provision that the Order will survive the conversion of Debtor's case to a Chapter 7 proceeding.

32. Creditor further requests permission to communicate with Debtor and Debtor's counsel to the extent provided for under applicable nonbankruptcy law.

WHEREFORE, Landlord requests the Court grant the following relief:

(a) Order Debtor to immediately pay Landlord all post-petition amounts due under the Lease, including rent, late charges, and other charges described herein;

(b) Order Debtor to immediately file a Motion to assume or reject the Lease or otherwise deem the Lease rejected;

(c) Order Debtor to make timely payments to Landlord of all additional post-petition amounts due under the Lease as they come due, including rent and other charges due on the 1st day of each month, until the effective date of Debtor's rejection of the Lease;

6

(d) Order Debtor to provide monthly point of sale and gross revenue receipts for May 1, 2024 through August 1, 2025 and all subsequent months during Debtor's Bankruptcy on or before the 10th day of each month so that Landlord can calculate additional post-petition rents due and owing from Debtor;

(e) Order Debtor to have the grease trap at the Premises cleaned by a professional cleaner approved by Landlord as needed and no less than once per month and further provide Landlord with proof of such cleaning;

(f) Order Debtor to have the flooring at the Premises sealed by a flooring professional approved by Landlord to prevent water from leading into other rental units and to provide Landlord with proof of such sealing

(g) Alternatively, grant Landlord relief from the Automatic Stay as to the Lease and Premises so that Landlord may pursue an *in rem* judgment in state court to recover possession of the Premises;

(h) Declare that any Stay Relief Order granted shall waive the 14-day extension of the Automatic Stay of Fed. R. Bankr. P. 4001(a)(3);

(i) Provide that upon entry of Stay Relief, Creditor shall be allowed to communicate with Debtor and/or Debtor's counsel as permitted under applicable nonbankruptcy law;

(j) Declare that the Stay Relief Order shall survive conversion of Debtor's Case to a Chapter 7 proceeding; and

(k) Provide any other relief that the Court deems proper.

Respectfully Submitted,

ANDERSON & ASSOCIATES

By: */s/ Julie Anderson*
Julie A. Anderson #21871
Michael J. Wambolt #24354
1901 W. 47th Pl., Ste. 300
Westwood, KS 66205
913-262-2207 phone, 913-262-2247 Fax
julie@mokslaw.com
michael@mokslaw.com
Creditor's Attorney

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on September 26, 2025, a true and correct copy of the foregoing was filed and served electronically via the Court's CM/ECF system, by electronic mail, and/or by U.S. mail, postage prepaid, to:

Plate Restaurant, LLC
701 E. 63rd St., 1st Flr., Ste. 100
Kansas City, MO 64110

Debtor's Attorney
George Thomas
geojthomas@gmail.com

Christian Joseph
christian@platekc.com

Sub Chapter V Trustee
Robbin L. Messerli
P.O. Box 8686
Prairie Village, KS 66208

U.S. Trustee
Richard A. Kear
Richard.kear@usdoj.gov
John Nemecek
John.nemecek@usdoj.gov
Jordan M. Sickman
Jordan.sickman@usdoj.gov

Austin B. Hayden
ahayden@phwjlaw.com

            */s/ Julie A. Anderson*
            Julie A. Anderson

File Code: 39475