IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| Plate Restaurant Group LLC *et. al.*, ) | Case No. 25-20996 |
| ) | Chapter 11 |
| ) | Jointly Administered |
| Debtor(s) ) | |
| ) | |
| ) | |

OBJECTION TO AMENDED CLAIM NO. 9 FILED BY LIBERTY FRUIT COMPANY

COMES NOW Debtor(s), by and through attorney Phillips & Thomas LLC, and hereby objects to amended proof of claim 9 filed by Liberty Fruit Company. The claim should be allowed as a general unsecured claim. The following are the reasons for the objection:

I. Form 410 (Proof of Claim Form) Has Not Been Filed

On September 26, 2025, Liberty Fruit filed proof of claim no. 9. Shortly thereafter, Liberty Fruit filed an amended proof of claim no. 9. Neither of these filings was accompanied by Form 410, the official proof of claim form. The filed documents consist only of spreadsheets.

II. There Is No PACA Trust

1

The bigger issue, however, is that Liberty Fruit appears to claim the existence of a PACA trust where none exists. The acronym "PACA" appears on the spreadsheet Liberty Fruit filed as its amended claim no. 9. No PACA trust exists.

The Perishable Agricultural Commodities Act (PACA) was enacted in 1930 to regulate trading practices in the marketing of perishable agricultural commodities, largely fruits and vegetables. *Consumers Produce v. Volante Wholesale Produce,* 16 F.3d 1374, 1377 (3d Cir.1994); *In re Magic Restaurants, Inc.,* 205 F.3d 108, 110 (3rd Cir. 2000). The statute is designed to protect suppliers of perishable agricultural products who sell produce to certain statutorily defined buyers. PACA imposes a trust provision on certain types of buyers of perishable agricultural commodities. Under PACA, commission merchants, dealers, and brokers hold the goods received in a floating, non-segregated trust for the benefit of the unpaid supplier. *Bandwagon Brokerage, Inc. v. Mafolie Foods Co., Inc*., 168 F.Supp.2d 506 (D. V.I. 2001).

PACA, however, does not apply in every scenario where produce is bought or sold. PACA only applies to "commission merchants," "brokers," and "dealers." *Antle Marketing, Inc. v. A.J. Passafiume Sons, Inc*., 2018 WL 5929642, *3—4 (W.D. Kentucky 2018); *A & Produce Corp. v. Chang et. al*, 385 F.Supp. 2d 354, 358 (S.D. N.Y. 2005). Each of these terms is specifically defined under PACA. For a PACA trust to exist, Liberty Fruit must demonstrate that the party against whom it asserts liability (i.e., the Debtor) was a commission merchant, broker, or dealer. This is cannot do.

A commission merchant is defined under in 7 U.S.C. §499a(b)(5). It is an entity that receives perishable agricultural commodities in interstate or foreign commerce for sale on behalf of another (the principal, typically the grower or shipper) on a commission basis. The Debtor is

not a commission merchant. The Debtor entities are restaurants. A "broker" under PACA is defined under 7 U.S.C. § 499a(b)(7) as a person or entity, usually acting as an intermediary, engaged in the business of negotiating sales and purchases of perishable agricultural commodities (such as fresh fruits and vegetables) for or on behalf of the vendor (seller) or the purchaser. Debtors are obviously not brokers, either.

Since the Debtor is obviously not a commission merchant or a broker, PACA only applies if the Debtor were to meet the PACA definition of a "dealer." A "dealer" under PACA is specifically defined. The definition appears in 7 U.S.C. §499a(b)(6). Under PACA, a "dealer" is someone who buys or sells in "wholesale or jobbing quantities," which is a separate and necessary condition for bringing a transaction under PACA. *Tomatoes Extraordinaire, Inc. v. Berkley*, 214 Cal.App. 4th 317, 322 (2013); *Bandwagon Brokerage, Inc. v. Mafolie Foods Co., Inc.*, 168 F.Supp.2d 506, 509 (D. V.I. 2001).

"Wholesale or jobbing quantities" are "aggregate quantities of all types of produce totaling one ton (2000 lbs.) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. §46.2(x). See *Antle Marketing, Inc. v. A.J. Passafiume Sons, Inc.*, 2018 WL 5929642, *3—4 (W.D. Kentucky 2018); *Tomatoes Extraordinaire, Inc. v. Berkley*, 214 Cal.App.4th 317, 322—323 (2013); *Bandwagon Brokerage, Inc. v. Mafolie Foods Co., Inc.*, 168 F.Supp.2d 506, 509 (D. V.I. 2001); *In Re Old Fashioned Enter. Inc*, 236 F.3d 422, 424 (8th Cir. 2001). As the Court in *Bandwagon Brokerage Inc.* said,

> [T]he USDA's definition of a dealer as a 'person engaged in buying or selling *in wholesale or jobbing quantities*" includes retailers with invoice costs of all purchases in a calendar year over $230,000. *See* 7 C.F.R. § 46.2(m)(2) (emphasis

3

added).  For a retailer to be considered a dealer, its purchases must exceed $230,000 in any calendar year *and* it must buy in wholesale or jobbing quantities.

*Bandwagon Brokerage Inc*. at 510.

Liberty Fruit has not presented any evidence that the Debtor entities bought or sold produce in "wholesale or jobbing quantities."  To prove this, Liberty Fruit would have to present evidence that the Debtor bought (or sold) more than one ton (2000 lbs.) of produce on any one day.  Nor can Liberty Fruit demonstrate this, because the Debtor restaurants never bought produce on any given day in any amount *that was even close to one ton*.  The Debtor never purchased produce in "wholesale or jobbing quantities," and therefore is not a "dealer" within the meaning of PACA.  PACA does not apply, and there is no PACA trust.  Liberty Fruit is a general unsecured creditor.

WHERFORE, Debtor requests that amended claim no. 9 of Liberty Fruit Co. be allowed as a general unsecured claim.

Respectfully Submitted,

Phillips & Thomas LLC

By:  /s/ George J. Thomas
George J. Thomas #19230
5251 W. 116th Place, Ste. 200
Leawood, KS 66211-2011
Phone: (913) 385-9900
Email:  geojthomas@gmail.com

## NOTICE WITH OPPORTUNITY FOR NONEVIDENTIARY HEARING ON OBJECTION TO AMENDED PROOF OF CLAIM 9 FILED BY LIBERTY FRUIT CO.

      NOTICE IS HEREBY GIVEN, that if no written response is filed to the Objection to Amended Proof of Claim 9 with the US Bankruptcy Court in Kansas City, Kansas, on or before <u>October 29, 2025</u>, the Court will enter an order prepared and submitted by the movant within ten (10) days of the objection deadline and no hearing will be held. If an objection or response is timely filed, a nonevidentiary hearing will be held before the U.S. Bankruptcy Court, 500 State Ave., Rm. 144, Kansas City, Kansas 66101 on <u>November 6, 2025 at 1:46 pm</u>, or as soon thereafter as the Court's schedule permits.

Respectfully Submitted,

Phillips & Thomas LLC

By: <u>/s/ George J. Thomas #19230</u>
5251 W. 116th Place, Ste 200
Leawood KS 66211-2011
Phone: 913-385-9900
Email: geojthomas@gmail.com

Certificate of Service

      I hereby certify that the Objection to Amended Proof of Claim 9 and the above notice were filed in the US Bankruptcy Court for the District of Kansas on 9/29/2025, and served on creditor through the ECF system.

/s/ George J. Thomas
George J. Thomas, Counsel for Debtors

5

Case 25-20996   Doc# 83   Filed 09/29/25   Page 5 of 5